IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02471-GPG

DANIEL O'NEILL,

    Plaintiff,

v.

GARY KING, New Mexico Attorney General,
NEW MEXICO CORRECTIONS DEPT.,
NEW MEXICO PAROLE BOARD, and
RALPH TRUJILLO, Assistant Attorney General,

    Defendants.

---

ORDER TRANSFERRING CASE

---

    Plaintiff Daniel O'Neill has filed *pro se* a Prisoner Complaint with this Court, along with a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. O'Neill appears to be challenging the execution of his sentence in the State of New Mexico.

    Title 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Mr. O'Neill's allegations concern actions occurring in the District of New Mexico and are related to his criminal case in the State of New Mexico. As a result, venue is appropriate in the District of New Mexico and not the District of Colorado.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that the documents filed by Mr. O'Neill should have been filed in the United States District Court District for the District of New Mexico. Mr. O'Neill is complaining about conduct that occurred in the District of New Mexico and should have filed a new civil action in that District. The Court also finds that it would be in the interest of justice to transfer this case to the District of New Mexico rather than to dismiss it. Accordingly, it is

ORDERED that the Clerk of the Court transfer this action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1406(a). It is

FURTHER ORDERED that because the action is being transferred to the District Court for the District of New Mexico the Court will refrain from addressing Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

DATED at Denver, Colorado, this   12th   day of   November  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court